FILED
SUPERIOR COURT
OF GUAM

2020 SEP 10 PM 3:02

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

               Plaintiff,

      v.

DON ALLAN BORJA MENDIOLA,
DOB: 05/18/1979

               Defendant.

Criminal Case No. CF0027-20

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola for a hearing on June 30, 2020, upon Don Allan Borja Mendiola's ("Defendant") Motion to Dismiss the Indictment with Prejudice (Feb. 21, 2020). At the hearing, the People of Guam failed to appear. The Alternate Public Defender for Guam, Ana M. Gayle, appeared on behalf of Defendant. After considering the parties' written arguments and the applicable Guam law, the Court now issues the following Decision and Order.

## BACKGROUND

On January 14, 2020, the People of Guam commenced Criminal Case CF0027-20 by filing a Magistrate's Complaint against Defendant. Pursuant to the People's Declaration attached to the Magistrate's Complaint, Guam Police Department officers allegedly observed Defendant driving a vehicle that had recently been reported stolen. Decl. Charles Kinnunen (Jan. 14, 2020). When questioned, Defendant allegedly told the officers that the vehicle belonged to a "Jesse Meno" and that he was driving the vehicle with Meno's permission. *Id.*

The People thereafter accused Defendant of committing (1) Theft of a Motor Vehicle by Receiving (As a Second Degree Felony); and (2) Unauthorized Use of a Motor Vehicle (As a Misdemeanor). A Magistrate Judge of the Superior Court of Guam found probable cause to support the two charges and confined Defendant on a $4,000.00 cash bail. Nine days later, on January 23, 2020, a grand jury indicted Defendant on these same two charges.

Defendant filed the instant Motion on February 21, 2020, arguing that the evidence the People presented to the grand jury failed to show that Defendant knew or should have known that the vehicle was stolen. *See generally* Mot. Dismiss (Feb. 21, 2020). Defendant specifically contends that police report contained an improper, "ambiguous" statement by Officer Quenga: that Defendant "confirmed Meno to be the person who stole the vehicle." *Id.* at 2.

On March 6, 2020, the People filed an Opposition brief, primarily contending that the Court does not have the power to overturn an otherwise-proper indictment on the basis of insufficient evidence. *See* Opposition (Mar. 6, 2020) at 4-6. On March 9, 2020, Defendant filed a Reply brief, clarifying that his request was not for the Court to redetermine the grand jury's evidentiary findings, but rather for the Court to dismiss the indictment as a sanction for the People's alleged violation of prosecutorial ethics. *See generally* Reply (Mar. 9, 2020). Defendant sums up his position as follows:

> "When there is ambiguity in a police report, the prosecutor can and should make an effort to clarify any ambiguity that goes to the elements of the charges. This duty of the prosecutor is a very serious duty and must be conducted diligently . . . [w]hen prosecutors fail in this duty, it is a gross violation of a person's Constitutional rights."

*Id.* at 2. Defendant ultimately characterizes the People's decision to "rel[y] on the very ambiguous statement in the police report by Officer Quenga" as a failure by the People to produce "any competent evidence" or to "meet the minimal restriction of reliability." *Id.* at 3.

As a result of the COVID-19 pandemic, the Court was unable to hold a Motion Hearing until June 30, 2020. The People of Guam failed to appear at the hearing. The Alternate Public Defender for Guam appeared on Defendant's behalf, but she indicated that the Motion was filed by another attorney at her office and that she was not prepared to argue the other attorney's

Motion for him. The Court therefore heard no oral argument and took the matter under advisement solely on the written arguments filed by the parties.

## DISCUSSION

Defendant's Motion challenges the competency of evidence presented to the grand jury. At the outset, the Court notes the People's argument that Guam law does not provide for review of the strength of the evidence used to gain an Indictment. The People are correct that no Guam statute explicitly creates such a procedure, and the Guam Supreme Court has not weighed in on the issue. However, the Ninth Circuit Court of Appeals has held that this type of challenge must exist in order to vindicate the requirement created by Title 8 GCA § 50.42 that the grand jury receive only "competent evidence". *See People of Territory of Guam v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). Although *Quidachay* is not binding on the Superior Court of Guam, the Court agrees with the Ninth Circuit's reasoning that such a challenge is implied by the terms of Section 50.42. Thus, the Court will entertain Defendant's challenge, limited solely to the question of whether any "competent evidence" supports the elements of offenses charged.

Defendant's claim is fundamentally a "sufficiency of the evidence" challenge, so the Court will apply the traditional standards that govern such a challenge. "In a sufficiency of the evidence analysis, courts determine whether there is sufficient direct and/or circumstantial evidence from which reasonable inferences can be drawn to support each element of the crime or crimes charged." *People v. Jesus*, 2009 Guam 2 ¶ 62. With that said, the Court reviews the evidence in the light most favorable to the prosecution. *Id.* (citing *People v. Sangalang*, 2001 Guam 18 ¶ 20. For this reason, a sufficiency of the evidence analysis is considered a "highly deferential standard of review." *Jesus*, 2009 Guam 2 ¶ 62.

The above-cited rules pertain to the sufficiency of the evidence necessary to sustain a conviction, but they presumably apply with the same force to the sufficiency of the evidence necessary to sustain an indictment. While a conviction requires proof of all elements of the crime "beyond a reasonable doubt", 8 GCA § 90.21(a), an indictment merely requires the grand jury to find "reasonable cause", or probable cause, for all of the required elements. 8 GCA § 50.54(b); *see People v. San Nicolas,* 2013 Guam 21 ¶ 12 (explaining that "reasonable cause" has

essentially the same meaning as "probable cause."). Probable cause requires a finding of sufficient "facts and circumstances . . . such as to warrant a man of prudence and caution in believing that the offense has been committed." *Carroll v. United States*, 267 U.S. 132, 161 (1925). "Probable cause" is therefore a less demanding standard than "beyond a reasonable doubt". *See, e.g., Locke v. United States*, 7 Cranch 339, 348 (1813) ("probable cause means less than evidence that would justify condemnation."). Since the evidence before the grand jury need only sustain the less demanding standard of probable cause, the evidence may give rise to a wider range of reasonable inferences. Thus, in order to avoid interfering with the grand jury's free reign to draw such inferences, the Court proceeds upon a deferential standard of review.

Having established the appropriate standard of review, the Court turns to the statute upon which Defendant bases his claim, Title 8 GCA § 50.42, which provides:

> "The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury."

*Id.* The Guam Supreme Court has not interpreted the phrase "competent evidence". The Court therefore returns to *Quidachay*. In that case, the Ninth Circuit held that the phrase "competent evidence" evinced an intent by *I Liheslaturan Guahan* "to eliminate the technical requirements of the rules of evidence but preserve some requirement of reliability." *Quidachay*, 815 F.3d at 1313. Thus, the *Quidachay* court explained that "[i]f it is evidence that a reasonable person would rely upon in conducting his or her daily affairs, then it is competent with the meaning of the statute, regardless of whether it would be admissible at trial under the rules of evidence." *Id.*

Defendant's argument under Section 50.42 is tripartite. First, Defendant asserts that the allegedly deficient police report was the only piece of evidence presented by the People as to whether Defendant knew that the vehicle was stolen. Mot. Dismiss at 2. Second, Defendant asserts that the police report was not competent evidence under *Quidachay* because it is not the type of evidence that a reasonable person would rely upon. Reply at 3. Third, Defendant asserts that because the police report was not competent, the Grand Jury received no competent

evidence at all with respect to whether Defendant knew the vehicle was stolen. Mot. Dismiss at 4. However, the Court does not agree.

First, even if the challenged police report were the only piece of evidence that the People presented specifically for the purpose of proving that Defendant knew the vehicle was stolen, that does not mean the police report is the only piece of evidence that the grand jury could reasonably use to infer his knowledge of that alleged fact. Nothing bars the grand jury from considering other circumstantial evidence, or from applying evidence presented in support of one element to a different element. The Court was not present for grand jury proceedings and thus has limited knowledge of the evidence presented. However, at a minimum, Defendant's own Motion seems to concede that (1) the vehicle in question had indeed been stolen; (2) Defendant was found in possession of the vehicle sometime thereafter; and (3) Defendant admitted to the police officers that he did not own the vehicle. *See* Mot. Dismiss at 1-2. Hence, there does not appear to be any debate that these facts—or any other facts besides Officer Quenga's statement in the police report—came before the grand jury competently.

The aforementioned facts, standing alone, may not be sufficient to sustain Defendant's conviction at trial. In other words, these facts may not prove beyond a reasonable doubt that Defendant knew or should have known that the vehicle was stolen. However, the grand jury does not need to find the existence of an element beyond a reasonable doubt in order to return an indictment, nor does the Court need to make such a finding in order to determine that the evidence presented was competent pursuant to Section 50.42. Instead, the grand jury's inquiry is whether these and/or other facts presented created probable cause that Defendant knew or should have known that the vehicle was stolen, and the Court's inquiry is whether, indulging all reasonable inferences in favor of the prosecutor's evidence, the grand jury could have reasonably found probable cause. Applying a deferential standard of review, the Court finds in the affirmative. The grand jury could have reasonably inferred probable cause to support this element based solely on the competent evidence provided; the contents of the challenged police report were neither necessary nor the only possible evidence for the grand jury to consider.

Additionally, Defendant has not adequately demonstrated to the Court that the police report was "incompetent" pursuant under *Quidachay*. Although Defendant repeatedly asserts the conclusion that a reasonable person would not have relied on the police report in conducting their daily affairs, he fails to make a compelling argument as to why this must be so. Defendant also fails to explain why the grand jury—comprised, presumably, of reasonable people—allegedly relied on a report that is "plainly obvious" in its incompetency. Motion argues that the police report is "ambiguous" and "negated by the rest of the report", but he does not cite with specificity to any of the alleged ambiguities or negations that he perceives. If the police report is as ambiguous as Defendant contends, there is little reason to believe that the grand jury would have relied on it at all. Additionally, the Court notes that Defendant cites no case law in support of his contention besides *Quidachay*—a case, the Court notes, where the challenged evidence was ultimately found competent and thus sufficient to sustain the indictment. If there are cases in which other courts have dismissed indictments for the reason Defendant cites, the Court has not been made aware of them. The Court therefore does not accept Defendant's unsupported argument that the police report is incompetent.

With respect to the prosecutorial misconduct argument advanced in Defendant's Reply brief, the Court finds the argument too vague to properly analyze. Defendant speaks of "the duty of the prosecutor" to clarify ambiguities before the grand jury, and of the "gross violation of a person's Constitutional rights" that occurs when a prosecutor fails in this duty. Reply at 2. However, Defendant cites no source that establishes this alleged legal duty, no particular provision of the Constitution that the prosecutor has allegedly violated, and no case law that would help the Court to contextualize this claim. The Court therefore has no facts to weigh and no law to apply. In the words of the Guam Supreme Court:

> "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows [the court] to apply recognized rules of law; it is not sufficient for a party simply to announce a position or assert an error and then leave it up to [the court] to discover an rationalize the basis for his claims, or unravel and state for him his arguments, and then search for authority either to sustain or reject his position."

*Lamb v. Hoffman,* 2008 Guam 2 ¶ 35 (internal citations omitted). Likewise, the Court cannot analyze Defendant's prosecutorial misconduct claim any further.

After reviewing Defendant's arguments in light of the deference owed to the People, the Court does not find that the People violated Title 8 GCA § 50.42. The Court passes no judgment as to whether evidence presented to the grand jury would be sufficient for the People to gain a conviction at trial, but the Court does hold that the People presented sufficient competent evidence to allow the grand jury to properly return the Indictment. Accordingly, the Court **DENIES** Defendant's Motion and declines to dismiss the Indictment for lack of competent evidence.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**. The Court will schedule Further Proceedings in this matter and will issue a Notice of Hearing to the parties.

**SO ORDERED** on this _10_ day of September, 2020

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APD

Date: 9/10/20  Time: 3:20

Deputy Clerk, Superior Court of Guam